## EXHIBIT A

IN THE CIRCUIT CIVIL COURT IN AND FOR
MIAMI-DADE, FLORIDA
CIVIL DIVISION

CASE NO.:

RUDDY ISMAEL MATUS MORALES and )
all others similarly situated under 29 U.S.C. )
216(b), )
      Plaintiff, )
  vs. )
)
GUADAMUZ CONCRETE FINISHI, INC. )
and AROLDO GUADAMUZ, )
      Defendants. )
_____ )

**COMPLAINT UNDER 29 U.S.C. 201- 216 OVERTIME WAGE VIOLATIONS, UNPAID WAGES AND FEDERAL MINIMUM WAGE VIOLATIONS**

Plaintiff, RUDDY ISMAEL MATUS MORALES, on behalf of himself and all others similarly situated under 29 U.S.C. 216(b), through undersigned counsel, files this Complaint against Defendants, GUADAMUZ CONCRETE FINISHI, INC. and AROLDO GUADAMUZ, jointly and severally and alleges:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-216.

2. This Court has jurisdiction concurrent with the Federal Courts under 29 USC 216(B).

3. This case involves damages in excess of $30,000.00 exclusive of attorney's fees and costs.

4. The Plaintiff, RUDDY ISMAEL MATUS MORALES was a resident of Miami-Dade County, Florida at the time that this dispute arose.

5. The Defendant, GUADAMUZ CONCRETE FINISHI, INC., is a company that regularly transacts business within Miami-Dade County. Upon information and belief, the Defendant Corporation was the FLSA employer for Plaintiff's respective period of employment ("the relevant time period").

6. The individual Defendant AROLDO GUADAMUZ is a corporate officer and/or owner and/or manager of the Defendant Corporation who ran the day-to-day operations of the Corporate Defendant for the relevant time period and was responsible for paying Plaintiffs' wages for the relevant time period and controlled Plaintiffs' work and schedule and was therefore Plaintiffs' employer as defined by 29 U.S.C. 203 (d).

7. All acts or omissions giving rise to this dispute took place in Miami-Dade County.

### COUNT I. FEDERAL OVERTIME WAGE VIOLATION AGAINST DEFENDANTS, JOINTLY AND SEVERALLY

COMES NOW PLAINTIFF, through Counsel, and re-adopts the factual and jurisdictional statements in the paragraphs 1-7 as though fully set forth herein and further states:

8. This action arises under the laws of the United States.

9. This case is brought as a collective action under 29 USC 216(b). It is believed that the Defendant has employed several other similarly situated employees like Plaintiff who have not been paid overtime wages for work performed in excess of 40 hours weekly from the filing of this complaint back three years.

10. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement).

11. 29 U.S.C. § 207 (a) (1) states, "Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

12. Plaintiff worked for Defendant as pool installer and concrete worker from on or about November 20, 2016 through to on or about March 27, 2020.

13. Defendant's business activities involve those to which the Fair Labor Standards Act applies. Both the Defendant's business and the Plaintiffs' work for the Defendants affected interstate commerce for the relevant time period. Plaintiffs' work for the Defendants affected interstate commerce for the relevant time period because the materials and goods that Plaintiffs used on a constant and/or continual basis and/or that were supplied to him by the Defendants to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiffs' use of the same. The Plaintiffs' work for the Defendants was actually in and/or so closely related to the movement of commerce while he worked for the Defendants that the Fair Labor Standards Act applies to Plaintiffs' work for the Defendants.

14. Additionally, Defendants regularly employed two or more employees for the relevant time period who regularly handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendants' business an enterprise covered under the Fair Labor Standards Act.

15. Upon information and belief, the Defendant Corporation had gross sales or business done in excess of $500,000 annually for the years 2016, 2017, 2018 and 2019.

16. Upon information and belief, the Defendant Corporation's gross sales or business done has exceeded $250,000 for the first six months of the year 2020 and is expected to exceed $500,000 for the year 2020.

17. Between the period of on or about November 20, 2016 through to on or about December 31,

2019, Plaintiff worked 7 days a week, worked an average of 90 hours[1] a week for Defendants and was paid an average of $10.00[2] per hour for all hours worked. Plaintiff was never paid the extra half time rate for any hours worked over 40 hours in a week as required by the Fair Labor Standards Act. Plaintiff therefore claims the half time overtime rate for each hour worked above 40 in a week.

18. Between the period of on or about January 1, 2020 through to on or about March 27, 2020, Plaintiff worked 7 days a week, worked an average of 90 hours a week for Defendant and was paid nothing at all for the 50 hours worked in excess of 40 in a week as required by the Fair Labor Standards Act. Plaintiff therefore claims the time and half time overtime rate of $15.00 for each hour worked above 40 in a week.

19. Defendants willfully and intentionally refused to pay Plaintiff's overtime wages as required by the Fair Labor Standards Act as Defendants knew of the overtime requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Fair Labor Standards Act. Defendants remain owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendant for the time period specified above.

**WHEREFORE**, the Plaintiff requests double damages and reasonable attorney fees from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for all overtime wages still owing from Plaintiff's entire employment period with Defendants or as much as allowed by the Fair Labor Standards Act along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances.

---

[1] These hours include Plaintiff travel time to and from projects in the Defendants' company vehicle.
[2] Plaintiff was paid at daily rate and was paid only for 6 days of work per week although he worked 7 days per week.

*The Plaintiff requests a trial by jury.*

## COUNT II. UNPAID WAGES AGAINST DEFENDANTS, JOINTLY AND SEVERALLY

COME NOW PLAINTIFF, through Counsel, and re-adopts the factual and jurisdictional statements in paragraphs 1-19 above and further states:

20. This Court has jurisdiction for Plaintiff's unpaid wage claim as this is a claim for unpaid wages pursuant to Fla. Stat. § 448.08.

21. Plaintiff orally contracted for employment with Defendants and Defendants verbally agreed to pay Plaintiff.

22. From on or about January 1, 2020 through to on or about March 27, 2020, of Plaintiff employment with Defendants, Plaintiff worked 7 days each week for Defendants. During this time Plaintiff worked approximately 90 hours per week for Defendants. However, Defendants have not paid Plaintiff any wages for the 12 weeks that Plaintiff worked for Defendants during this time at a rate of $10.00 per hour for 40 hours and $15.00 per hour for the 50 overtime hours worked in each week from January 1, 2020 through to on or about March 27, 2020.

23. As a direct proximate result of Defendants action, Plaintiff has suffered damages.

24. Plaintiff therefore brings claims pursuant to Florida Statute § 448.08 for said unpaid wages for which Plaintiff was not paid anything for the periods above-stated.

**WHEREFORE**, the Plaintiff requests double damages and reasonable attorney fees from Defendants, jointly and severally, pursuant to Florida Statute § 448.08 as cited above, to be proven at the time of trial for all wages still owing from Plaintiff's entire employment period with Defendants or as much as allowed by Florida Statute § 448.08 along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. ***The***

*Plaintiff requests a trial by jury.*

## COUNT III. FEDERAL MINIMUM WAGE VIOLATION AGAINST DEFENDANTS, JOINTLY AND SEVERALLY

COMES NOW PLAINTIFF, through Counsel, and re-adopts the factual and jurisdictional statements in paragraphs 1-24 above and further states:

25. 29 U.S.C. § 206 (a) (1) states "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates: except as otherwise provided in this section, not less than-- $5.85 an hour, beginning on the 60th day after May 25, 2007; $6.55 an hour, beginning 12 months after that 60th day; and $7.25 an hour, beginning 24 months after that 60th day…" [29 U.S.C. § 206 (a) (1)]". On July 24, 2007 Federal minimum wage was raised to $5.85/hr. On July 24, 2008, Federal minimum wage was raised to $6.55/hr. On July 24, 2009, Federal minimum wage was raised to $7.25/hr.

26. Between the period of on or about January 1, 2020 through to on or about March 27, 2020, Plaintiff worked an average of 90 hours a week for the Defendants. Plaintiff was paid $0.00/hr for said work in violation of the Fair Labor Standards Act as said payment of $0.00/hr did not meet the applicable Federal Minimum Wage required for said period of time. Therefore, Plaintiff claims difference between his average hourly rate of $0.00/hr and the applicable minimum wage rate of $7.25/hr for all hours worked.

27. The Defendants wage payment practices to Plaintiff for this time period did not meet the federal minimum wage law requirements as Plaintiff was not paid the required federal minimum wage for all hours worked and is therefore claiming federal minimum wage

violations.

28. Defendants willfully and intentionally refused to pay Plaintiff's minimum wages as required by the Fair Labor Standards Act as Defendants knew of the Federal Minimum Wage requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Fair Labor Standards Act. Defendants remain owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants for the time period specified above.

**WHEREFORE**, Plaintiff requests double damages and reasonable attorney fees from the Defendants, jointly and severally, pursuant to the Fair Labor Standards Act and as cited above, to be proven at the time of trial for all minimum wages still owing from Plaintiff's entire employment period with Defendants or, as much as allowed by the Fair Labor Standards Act -- whichever is greater along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiff requests a trial by jury.*

Respectfully Submitted,

J.H. Zidell, Esq.
J.H. Zidell, P.A.
Attorney For Plaintiff
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax: (305) 865-7167
Email: ZABOGADO@AOL.COM

By:__/s/ J.H. Zidell_____
    J.H. Zidell, Esq.
    Florida Bar Number: 00101